NO. 12-04-00030-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
KENNETH LAMAR KEY,                                 §                 APPEAL FROM THE 
APPELLANT
 
V.                                                                         §                 COUNTY COURT AT LAW

THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
OPINION
            Kenneth Lamar Key appeals his conviction for class A misdemeanor assault. After a jury
found him guilty, the trial court sentenced him to one year in jail, probated for two years, and a
$1,500.00 fine. In two issues, Appellant contends his constitutional right to confrontation of
witnesses was violated. We affirm.
 
Background
            When Tyler Police Officer Kevin Mobley answered a disturbance call one night, he found
Appellant and Rachel Bailey sitting outside on the ground, arguing. Bailey told Officer Mobley that
she had been restrained by Appellant since seven o’clock that morning. She had just run from the
house and Appellant had grabbed her and pulled her to the ground, causing several injuries. She had
bruises on her arms, consistent with fingers grabbing and pressure being applied to the arms with a
hand. She had several injuries about her body, arms, and legs. Bailey indicated that she feared
Appellant. Appellant was arrested and charged with assaulting Bailey. 
            Officer Mobley and Officer Chris Calloway, who assisted that night, testified at the trial.
Bailey did not testify. The jury found Appellant guilty and the trial court sentenced him to one year
in jail, probated for two years, and a $1,500.00 fine.
 
Federal Right to Confrontation of Witnesses
            In his first issue, Appellant contends the trial court erred in allowing Officer Mobley to testify
regarding Bailey’s statements to him at the scene. He argues that, although the testimony may be
admissible under an exception to the hearsay rule, it nonetheless violated his right to confront the
witnesses against him, which is guaranteed by the Sixth and Fourteenth Amendments to the United
States Constitution.
Standard of Review
            We will not disturb a trial court’s decision to admit or exclude evidence absent an abuse of
discretion. Montgomery v. State, 810 S.W.2d 372, 390-91 (Tex. Crim. App. 1991) (op. on reh’g). 
If the court’s ruling is within the zone of reasonable disagreement, we will not disturb it on appeal. 
Metts v. State, 22 S.W.3d 544, 550 (Tex. App. – Fort Worth 2000, pet. ref’d). If we can uphold the
trial court’s decision on any theory applicable to the case, we will do so. Id. In considering this
constitutional issue, we review the trial court’s ruling de novo. Muttoni v. State, 25 S.W.3d 300,
304 (Tex. App.–Austin 2000, no pet.).
Applicable Law
            The accused in a criminal case has a constitutional right to confront and cross-examine the
witnesses against him. U.S. Const. amends. VI, XIV. Since 1980, the admission of an unavailable
witness’s statement against a criminal defendant was governed by Ohio v. Roberts, 448 U.S. 56, 100
S. Ct. 2531, 65 L. Ed. 2d 597 (1980). Under Roberts, hearsay was admissible when it fell within a
firmly rooted hearsay exception or when it contained particularized guarantees of trustworthiness. 
Id., 448 U.S. at 66, 100 S. Ct. at 2539. The admission of hearsay evidence against a criminal
defendant implicates the Confrontation Clause because the defendant is not afforded the opportunity
to confront the out-of-court declarant. U.S. Const. amend. VI. 
            In March 2004, the United States Supreme Court reexamined the admissibility of out-of-court
hearsay statements in Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177
(2004). In Crawford, the Supreme Court specified that “testimonial” hearsay evidence is
inadmissible under the Confrontation Clause unless the declarant is unavailable and the defendant
had a prior opportunity to cross-examine the declarant. Id., 124 S. Ct. at 1374. 
            The Court reviewed the history of the Confrontation Clause, explaining that its focus was to
prevent the use of ex parte examinations as evidence against the accused. Id., 124 S. Ct. at 1364. 
It explained that the clause applies to those who “bear testimony” and stated that “testimony” is
typically “[a] solemn declaration or affirmation made for the purpose of establishing or proving some
fact.” Id. (quoting 1 N. Webster, An American Dictionary of the English Language (1828)). The
Court declined to spell out a comprehensive definition of “testimonial.” Id., 124 S. Ct. at 1374. It
did, however, identify three kinds of statements that could be properly regarded as testimonial: (1)
“ex parte in-court testimony or its functional equivalent – that is, material such as affidavits,
custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar
pretrial statements that declarants would reasonably expect to be used prosecutorially,” (2)
“extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits,
depositions, prior testimony, or confessions,” and (3) “statements that were made under
circumstances which would lead an objective witness reasonably to believe that the statement would
be available for use at a later trial.” Id., 124 S. Ct. at 1364. Statements taken by police officers in
the course of interrogations are also testimonial. Id.
            Courts across the nation have been faced with the painstaking task of applying Crawford on
a case by case basis to refine the definition of “testimonial,” identify the admissible statements, and
jettison the inadmissible. Here, Appellant contends that Bailey’s statements were testimonial
hearsay and therefore inadmissible after Crawford. This factual scenario appears to present an issue
of first impression in Texas. 
Discussion
            Our first task is to determine if Bailey’s statements to Officer Mobley were testimonial as
that term is used in Crawford. The types of statements cited by the Crawford court as testimonial
all involve a declarant’s knowing responses to structured questioning in an investigative environment
or a courtroom setting where the declarant would reasonably expect that his or her responses might
be used in future judicial proceedings. See Crawford, 124 S. Ct. at 1365. One court takes the
position that the common denominator underlying the Supreme Court’s discussion of what
constitutes a “testimonial” statement is the official and formal quality of such a statement. Fowler
v. State, 809 N.E.2d 960, 963 (Ind. Ct. App. 2004), transfer granted, 2004 Ind. LEXIS 1030 (Ind.,
Dec. 9, 2004). Clearly, Bailey’s statements do not fall within the first or second categories outlined
in Crawford as they were not “in-court testimony or its functional equivalent” or statements
“contained in formalized testimonial materials.” 
            What constitutes interrogation by police officers is a separate question. One court
extrapolated the rationale in Crawford to a setting involving statements obtained through police
officer questioning at or near the scene of a crime, explaining that such statements are testimonial
under Crawford if obtained by an officer acting in an investigative capacity to produce evidence in
anticipation of a potential criminal prosecution. People v. Kilday, 123 Cal. App. 4th 406, 418 (Cal.
Ct. App. 2004), review granted, 2005 Cal. LEXIS 565 (Cal., Jan. 19, 2005). Such questioning raises
Confrontation Clause concerns more than questioning incidental to other law enforcement objectives
such as exigent safety, security, and medical concerns. Id. at 419. 
            Most of the post-Crawford cases reviewing this issue have held that initial police-victim
interaction at the scene of an incident is not an interrogation and that admission of testimony about
that interaction does not offend the Confrontation Clause. See, e.g., Kilday, 123 Cal. App. 4th at 421
(Officers responding to a call from a hotel manager encountered victim in lobby when area was
unsecured and the situation uncertain.); People v. Corella, 122 Cal. App. 4th 461, 469 (Cal. Ct. App.
2004) (Victim’s statement to officer dispatched to scene that husband hit her deemed
nontestimonial.); People v. King, No. 02CA0201, 2005 Colo. App. LEXIS 111, at *16 (Colo. Ct.
App. Jan. 27, 2005) (Held that where a victim makes an excited utterance to a police officer, in a
noncustodial setting and without indicia of formality, the statement is nontestimonial.); Stancil v.
United States, No. 03-CM-444, 2005 D.C. App. LEXIS 13, at *46 (D.C. Jan. 27, 2005) (Statements
made by victim to police before scene was secured are not testimonial and do not offend the
Confrontation Clause.); Fowler, 809 N.E.2d at 964 (Statements by victim of domestic violence,
made to officer dispatched to scene, deemed nontestimonial.); Hammon v. State, 809 N.E.2d 945,
952 (Ind. Ct. App. 2004), transfer granted, 2004 Ind. LEXIS 1031 (Ind., Dec. 9, 2004) (Victim’s
statements to officer at her residence shortly after the incident occurred were not testimonial.);
People v. Mackey, 785 N.Y.S.2d 870, 874 (N.Y. Crim. Ct. 2004) (Where witness approached officer
and made statements that were not in response to structured police questioning, not in a formal
setting or a formalized document, and primary purpose of the statements was to seek protection,
statements were deemed nontestimonial.); State v. Forrest, 596 S.E.2d 22, 27 (N.C. Ct. App. 2004)
(Statements made by victim of kidnaping and assault immediately after officers removed her from
defendant’s grasp, describing what happened to her, deemed nontestimonial and considered part of
the criminal incident itself.); State v. Maclin, No. W2003-03123-CCA-R3-CD, 2005 Tenn. Crim.
App. LEXIS 108, at *51 (Tenn. Crim. App. Feb. 9, 2005) (Where assault victim summoned police
to her home and talked to police about the assault in the presence of the defendant, while still fearing
for her safety, her statements were not testimonial.); Davis v. State, No. 2-03-305-CR, 2005 Tex.
App. LEXIS 712, at *10-11 (Tex. App.–Fort Worth Jan. 27, 2005, no pet. h.) (Statements by witness
to officer at crime scene deemed nontestimonial.); Gonzalez v. State, No. 04-03-00819-CR, 2004
Tex. App. LEXIS 11198, at *15 n.4 (Tex. App.–San Antonio Dec. 15, 2004, pet. filed) (In dicta,
court stated that it is unlikely that statements made to responding officers by the shooting victim
providing identifying information about the shooter would be considered testimonial.); Rivera v.
State, No. 04-03-00830-CR, 2004 Tex. App. LEXIS 11726, at *3 n.1 (Tex. App.–San Antonio Dec.
30, 2004, no pet. h.) (not designated for publication) (In dicta, court stated that witness’s statements
to police within minutes of shooting were nontestimonial in nature.).
            After receiving a call about a disturbance, Mobley walked in the area to determine where the
noise came from. He heard screaming that he described as an “unusual” “large emotional”
disturbance. He found Bailey and Appellant sitting on the ground. Based on his observations of
Bailey, he believed she was in danger. He tried to separate them and “make sure everything was
okay.” At that point, Bailey advised him that Appellant grabbed her and pulled her to the ground,
injuring her. Officer Mobley did not explain whether Bailey’s statements were spontaneous or in
response to questions. Based on the circumstances, we conclude that Mobley was not producing
evidence in anticipation of a potential criminal prosecution when he encountered Bailey. Mobley
was responding to a call and was involved in the preliminary task of securing and assessing the
scene. See Kilday, 123 Cal. App. 4th at 422. Such unstructured interaction between an officer and
a witness bears no resemblance to a formal or informal police “interrogation” as that term is used
in Crawford. See Crawford, 124 S. Ct. at 1364; Corella, 122 Cal. App. 4th at 469.
            Whether Bailey’s statements were made with the reasonable expectation that they would be
used in court is yet another question. Appellant conceded in his brief that the State proved the
predicate for admission of Bailey’s statements as an excited utterance under Rule of Evidence 803. 
As other courts have noted, the underlying rationale of an excited utterance seems to be at odds with
the Crawford Court’s conception of “testimony.” See Corella, 122 Cal. App. 4th at 469; King, 2005
Colo. App. LEXIS 111, at 15; Hammon, 809 N.E.2d at 952-53; Fowler, 809 N.E.2d at 964; People
v. Moscat, 777 N.Y.S.2d 875, 880 (N.Y. Crim. Ct. 2004) (Finding a 911 call by the complainant in
a domestic assault not testimonial, the court stated that the call “is the electronically augmented
equivalent of a loud cry for help.”); Commonwealth v. Gray, 2005 Pa. Super. LEXIS 63, at *40 (Pa.
Super. Ct. Jan. 20, 2005) (An unsolicited excited utterance to police that is made to obtain assistance
during the commission of a crime is not in response to interrogation and is nontestimonial.). 
            On the other hand, at least one court has determined that not all excited utterances are
nontestimonial. The District of Columbia Court of Appeals would make that determination based
on the circumstances in which the particular statement was made. Stancil, 2005 D.C. App. LEXIS
at *28. Further, the First District Court of Appeal of Florida has rejected altogether the argument
that an excited utterance can be nontestimonial. It has held that a victim of an assault and kidnaping,
although startled and nervous, made testimonial statements to officers at the scene immediately after
the crime had been committed. Lopez v. State, 888 So. 2d 693, 700 (Fla. Dist. Ct. App. 2004). It
reasoned that the victim knew his statement identifying his kidnaper was a form of accusation and
surely must have expected that it would be used in court against the suspect. Id.
            After considering these views, we are persuaded that the underlying rationale of an excited
utterance supports a determination that it is not testimonial in nature. Such a declaration from one
who has recently endured physical abuse, and with no time for reflection or deliberation, is likely
to be truthful. It is consistent with the definition of an excited utterance to conclude that it is not a
statement that has been made in contemplation of its use in a future trial. Bailey was very distraught,
upset, crying, and fearful. Mobley believed she was in danger. Further, Bailey was not the one who
called the police and she did not initiate contact with Officer Mobley.
            We determine that Bailey’s statements do not fit within the categories of testimonial
statements identified in Crawford. The Court in Crawford made no explicit statement regarding
nontestimonial statements but did suggest that either such statements required no Confrontation
Clause scrutiny or that prior standards developed under Roberts still applied to nontestimonial
hearsay evidence. Crawford, 124 S. Ct. at 1374. Roberts states that an unavailable witness’s out-of-court statement may be admitted if it falls within a firmly rooted hearsay exception or bears
particularized guarantees of trustworthiness. Roberts, 488 U.S. at 66, 100 S. Ct. at 2539. Appellant
does not attack the trial court’s finding that the statements fall within a firmly rooted hearsay
exception and are therefore admissible under the rules of evidence. The statements were admissible
under Roberts. See id. We conclude that admission of Bailey’s statements did not violate
Appellant’s rights under the Sixth Amendment. See Crawford, 124 S. Ct. at 1374. We overrule
Appellant’s first issue.
 
State Right to Confrontation of Witnesses
            In his second issue, Appellant asserts that the trial court erred in permitting Officer Mobley
to testify regarding statements made by Bailey in violation of his right to confrontation as provided
in Article I, Section 10 of the Texas Constitution. He states that the hearsay testimony is
inadmissible because it denied him the right of confrontation and cross-examination and it did not
have the requisite indicia of reliability. 
            Appellant relies on cases that interpreted the Sixth Amendment and cannot be considered
authority for the proposition that his state constitutional rights have been violated. Although this
issue is briefed separately from Appellant’s complaint under the federal constitution, Appellant has
not articulated how the state constitution provides greater or different protection than the federal
constitution. See Lagrone v. State, 942 S.W.2d 602, 613 (Tex. Crim. App. 1997) (Court held that
appellant had failed to point out any meaningful distinctions between the confrontation clauses in
the federal and Texas constitutions that merit extension of broader confrontational capacity under
Article I, Section 10 of the Texas Constitution.). Appellant has not identified any distinction
between the analysis we are to apply under the federal Confrontation Clause and the analysis we
apply under the Texas Constitution. See Hale v. State, 139 S.W.3d 418, 421 (Tex. App.–Fort Worth
2004, no pet.). Further, we note that Texas case law generally interprets the federal and Texas
Confrontation Clauses similarly. See Long v. State, 742 S.W.2d 302, 313 (Tex. Crim. App. 1979),
overruled on other grounds, Briggs v. State, 789 S.W.2d 918 (Tex. Crim. App. 1990); Jonathan S.
Miller, Note, Does the Child Witness Videotape Statute Violate the Confrontation Clause?: Article
38.071, Texas Code of Criminal Procedure, 17 Tex. Tech L. Rev. 1669, 1681 (1986). We overrule
Appellant’s second issue.
 
Conclusion
            The hearsay statements testified to by the police officer were not testimonial and, therefore,
their admission did not violate Appellant’s right to confrontation of witnesses. 
            We affirm the trial court’s judgment.
 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice




Opinion delivered February 28, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

















(PUBLISH)