COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-04-212-CR
  
DARRICK CAPAL ROGERS                                                      APPELLANT
  
V.
 
THE STATE OF 
TEXAS                                                                  STATE
   
------------
FROM 
THE 297TH DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM 
OPINION[1]
------------
        Appellant 
Darrick Capal Rogers appeals from his conviction for aggravated assault causing 
bodily injury.  We affirm.
        On 
August 29, 2003, appellant assaulted his girlfriend Brandy Bell in the parking 
lot of the apartment complex where they lived.  During the altercation, 
Bell went to a neighbor’s apartment for help.  The neighbors, Palia and 
Bobby Harrison, heard appellant fighting with Bell and saw appellant choke her 
and swing a metal bar at her.  They also saw that Bell had a gaping wound 
on the back of her leg.
        An 
unidentified man called 911 and told the operator that “[t]his guy is beating 
up this woman out here.”  The caller then passed the phone to Palia, who 
asked for an ambulance, reported Bell’s injury to a MedStar employee, and 
received instructions on how to care for Bell’s wound.  When the police 
arrived, they found appellant hiding in some tall grass in the woods close to 
the apartment complex, lying on top of a metal bar.
        Appellant 
was charged with aggravated assault causing bodily injury.  A jury found 
him guilty of the charged offense and assessed punishment at forty-five years’ 
confinement.
        In 
his first issue, appellant contends that the trial court erred by denying his 
motions for mistrial based on the introduction of extraneous offense evidence 
that was subject to a motion in limine.  We review the trial court’s 
denial of appellant’s motions for mistrial under an abuse of discretion 
standard.  Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999); Jackson 
v. State, 50 S.W.3d 579, 588 (Tex. App.—Fort Worth 2001, pet. ref’d).
        Appellant’s 
first motion for mistrial was based on Bell testifying that “[t]his isn’t 
the first time this has happened.”  Prior to overruling the motion, the 
trial court had sustained appellant’s objection to the testimony and 
instructed the jury to disregard Bell’s statement.
        The 
trial court did not err in overruling appellant’s first motion for mistrial 
because the extraneous offense testimony was rendered harmless by the trial 
court’s instruction to disregard.  The testimony was not so "clearly 
calculated to inflame the minds of the jury or [was] of such damning character 
as to suggest it would be impossible to remove the harmful impression from the 
jury's mind."  Kipp v. State, 876 S.W.2d 330, 339 (Tex. Crim. 
App. 1994) (citing Kemp v. State, 846 S.W.2d 289, 308 (Tex. Crim. App. 
1992), cert. denied, 508 U.S. 918 (1993)).
        The 
second motion for mistrial was based on Bell testifying that “[the 
investigator] was talking about this not being the first time.  He was 
asking me was this the first time that Darrick ever hit me.”  
Appellant’s attorney objected after the prosecutor interjected, “Don’t go 
into anything else, . . . be specific about anything else, okay?”  
Appellant’s attorney did not receive a ruling on his objection or ask for an 
instruction to disregard.  Instead, he voiced his belief that he would be 
entitled to a mistrial if he were not allowed to introduce evidence of Bell’s 
extraneous offenses.  Appellant’s attorney said, “If I am not allowed 
to go into her extraneous offenses, . . . I believe I’m entitled to 
mistrial,” to which the trial court replied, “I’ll deny the motion.”[2]
        The 
trial court did not err in overruling appellant’s second motion for mistrial 
because Bell’s testimony, “[The investigator] was talking about this not 
being the first time.  He was asking me was this the first time that 
Darrick ever hit me,” was not extraneous evidence testimony.  To 
constitute extraneous offense evidence, the evidence must show a bad act or 
crime and that the defendant was connected to it.  Moreno v. State, 
858 S.W.2d 453, 463 (Tex. Crim. App. 1993), cert. denied, 510 U.S. 966 
(1993); Lockhart v. State, 847 S.W.2d 568, 573 (Tex. Crim. App. 1992), cert. 
denied, 510 U.S. 849 (1993).  Bell’s testimony indicated that the 
investigator was interested in learning whether appellant and Bell had a prior 
history of domestic abuse, but it did not reveal that history.  Because 
Bell’s testimony did not show that an offense or bad act was committed by 
appellant, it was not evidence of an extraneous offense.  See Arthur 
v. State, 11 S.W.3d 386, 390 (Tex. App.—Houston [14th Dist.] 2000, pet. 
ref'd).  Accordingly, we overrule appellant’s first issue.
        In 
his second issue, appellant contends that the trial court erred by failing to 
instruct the jury on self-defense.
        To 
be entitled to a self-defense instruction, a defendant must admit to the conduct 
alleged in the indictment.  Hill v. State, 99 S.W.3d 248, 250-51 
(Tex. App.—Fort Worth 2003, pet. ref’d).  Here, appellant did not admit 
to striking or choking Bell with a metal bar or rod.  Appellant’s defense 
was that Bell cut her leg on a license plate and that no witness saw him 
actually hit Bell with the metal rod.  Therefore, appellant was not 
entitled to a self-defense instruction.  See id.  Accordingly, 
we overrule appellant’s second issue.
        In 
his third issue, appellant contends that the trial court erred by failing to 
instruct the jury on the lesser included offenses of assault by threat and 
assault by contact.  To determine whether a jury must be charged on a 
lesser included offense, we apply a two-step analysis.  Moore v. State, 
969 S.W.2d 4, 8 (Tex. Crim. App. 1998).  The first step is to decide 
whether the offense is a “lesser included offense” as defined in article 
37.09 of the code of criminal procedure. Tex. Code Crim. Proc. Ann. art. 37.09 
(Vernon 1981); Moore, 969 S.W.2d at 8.  A lesser included offense is 
defined both in terms of the offense charged and the facts of the case: “an 
offense is a lesser included offense if . . . it is established by proof of the 
same or less than all of the facts required to establish the commission of the 
offense charged.”  Tex. Code Crim. 
Proc. Ann. art. 37.09(1).
        The 
second step requires an evaluation of the evidence to determine whether there is 
some evidence that would permit a rational jury to find that the defendant is 
guilty only of the lesser offense, and not of the greater.  Feldman v. 
State, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002); Moore, 969 S.W.2d 
at 8.  The evidence must be evaluated in the context of the entire 
record.  Moore, 969 S.W.2d at 8.  There must be some evidence 
from which a rational jury could acquit the defendant of the greater offense 
while convicting him of the lesser included offense.  Id.  The 
court may not consider whether the evidence is credible, controverted, or in 
conflict with other evidence.  Id.  If there is evidence from 
any source that negates or refutes the element establishing the greater offense, 
or if the evidence is so weak that it is subject to more than one reasonable 
inference regarding the aggravating element, the jury should be charged on the 
lesser included offense.  See Schweinle v. State, 915 S.W.2d 
17, 19 (Tex. Crim. App. 1996); Saunders v. State, 840 S.W.2d 390, 391-92 
(Tex. Crim. App. 1992).
        Assuming 
without deciding that assault by threat or contact are lesser included offenses 
of aggravated assault, we conclude there is no evidence that would permit a 
rational jury to find that appellant was guilty only of assault by threat or 
assault by contact, and not of aggravated assault.  See Feldman, 71 
S.W.3d at 750; Moore, 969 S.W.2d at 8.  On this record, the jury 
could not have found appellant guilty of assault by threat, and not aggravated 
assault, because there was no evidence that appellant merely threatened 
Bell.  Rather, two witnesses testified that they saw appellant choking 
Bell, and Bell testified that appellant choked and struck her with a metal 
rod.  Similarly, the jury could not have found appellant guilty of assault 
by contact, and not aggravated assault, because there was no evidence that 
appellant merely contacted Bell without causing her physical injury.  The 
undisputed evidence shows that Bell suffered a serious leg injury.  
Moreover, a police officer testified that Bell had redness around her neck and 
that she told him she had a pain on the top of her head and in her left 
forearm.  Because there is no evidence that would permit a rational jury to 
find that appellant was guilty only of assault by threat or assault by contact, 
and not of aggravated assault, we overrule appellant’s third issue.
        In 
his fourth, fifth, and sixth issues, appellant contends that the trial court 
violated his Confrontation Clause rights under the United States and Texas 
Constitutions and the Texas Code of Criminal Procedure by admitting the 911 call 
audiotape into evidence.
        In 
all state and federal criminal prosecutions, the accused has a right, guaranteed 
by the Sixth and Fourteenth Amendments to the United States Constitution, 
"to be confronted with the witnesses against him."[3] 
 U.S. Const. amend. VI; Crawford v. 
Washington, 541 U.S. 36, 42, 124 S. Ct. 1354, 1359 (2004); Pointer v. 
Texas, 380 U.S. 400, 406, 85 S. Ct. 1065, 1069 (1965) (applying the Sixth 
Amendment to the States).  In Crawford v. Washington, the Supreme 
Court held that the Confrontation Clause bars the admission of out-of-court 
testimonial statements made by a witness who does not testify, unless the 
witness is unavailable to testify and the defendant has had a prior opportunity 
to cross-examine the witness.  Crawford, 541 U.S. at 68, 124 S. Ct. 
at 1374.  Therefore, to implicate the Confrontation Clause, an out-of-court 
statement must be (1) made by an absent witness and (2) testimonial in 
nature.  See id. at 68, 124 S. Ct. at 1374.
        In 
this case, the 911 call audiotape contains the voices of both Palia Harrison and 
an unidentified male.  Palia’s statements on the tape do not implicate 
the Confrontation Clause because Palia testified at trial.  See id. 
at 58 n.9, 124 S. Ct. at 1369 n.9.  The unidentified male caller’s 
statement, “This guy is beating up this woman out here,” does not implicate 
the Confrontation Clause because the statement is not testimonial in 
nature.  See Crawford, 541 U.S. at 51-52, 65, 68, 124 S. Ct. at 
1364, 1372, 1374.  Therefore, we hold that the admission of the 911 call 
audiotape did not violate appellant’s Confrontation Clause rights.  
Accordingly, we overrule appellant’s fourth, fifth, and sixth issues.
        In 
his seventh issue, appellant contends that the evidence supporting his 
conviction is factually insufficient.
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all of the evidence in a neutral light, favoring neither 
party.  See Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. 
App. 2004).  The only question to be answered in a factual sufficiency 
review is whether, considering the evidence in a neutral light, the fact finder 
was rationally justified in finding guilt beyond a reasonable doubt.  Id. 
at 484.  There are two ways evidence may be factually insufficient: (1) the 
evidence supporting the verdict or judgment, considered by itself, is too weak 
to support the finding of guilt beyond a reasonable doubt; or (2) when there is 
evidence both supporting and contradicting the verdict or judgment, weighing all 
of the evidence, the contrary evidence is so strong that guilt cannot be proven 
beyond a reasonable doubt.  Id. at 484-85.
        In 
performing a factual sufficiency review, we are to give deference to the fact 
finder’s determinations, including determinations involving the credibility 
and demeanor of witnesses.  Id. at 481; Cain v. State, 958 
S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment 
for that of the fact finders.  Zuniga, 144 S.W.3d at 482.
        Appellant 
was charged with “intentionally or knowingly caus[ing] bodily injury to Brandy 
Bell by striking her with a metal bar or rod, choking her with a metal bar or 
rod.”  Bell testified that appellant hit and choked her with the metal 
bar.  She testified that she could not breathe and that she screamed when 
appellant was choking her.  Bell told a police officer who responded to the 
911 call that appellant had hit her multiple times and choked her with the metal 
bar.  She did not tell the emergency room personnel who treated her that 
appellant choked her or hit her on the head.
        Two 
witnesses testified that they saw appellant swinging a metal bar over Bell and 
choking her with either the bar or his hand, though they did not actually see 
him strike her.  A police officer testified that Bell’s neck was 
red.  Several witnesses testified, and photographic evidence showed, that 
Bell sustained a deep laceration on the back of her leg during the 
altercation.  Although one witness thought Bell had cut her leg on a 
license plate, the police did not find a license plate on the ground or receive 
information indicating that a license plate was responsible for Bell’s 
injuries.
        The 
police found appellant lying on top of a metal bar when they apprehended 
him.  A police officer testified that the end of the metal bar had a jagged 
edge, that the “jagged edge with swinging motion would definitely cut her,” 
that some force would be needed to create a cut the depth of Bell’s cut, and 
that the metal bar could be used as a deadly weapon.
        Considering 
the evidence in a neutral light, we conclude that the jury was rationally 
justified in finding appellant guilty of aggravated assault beyond a reasonable 
doubt.  Therefore, we overrule appellant’s seventh issue.
        Having 
overruled all of appellant’s issues, we affirm the trial court’s judgment.
   
    
                                                                  PER 
CURIAM
  
 
  
PANEL 
A:   CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 7, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Appellant preserved error by moving for mistrial and obtaining a ruling on that 
motion, despite his failure to obtain a ruling on his objection or ask for an 
instruction to disregard.  See Young v. State, 137 S.W.3d 65, 
72 (Tex. Crim. App. 2004).
3.  
We assume that appellant claims no greater protection under the state 
constitution or code of criminal procedure than that provided by the federal 
constitution because he briefed his fourth, fifth, and sixth issues 
jointly.  See Hale v. State, 139 S.W.3d 418, 421 (Tex. App.—Fort 
Worth 2004, no pet.).