**Shane Lee HALE, Appellant,**

v.

**The STATE of Texas.**

Nos. 2–03–143–CR, 2–03–144–CR, 2–03–145–CR.

Court of Appeals of Texas, Fort Worth.

June 9, 2004.

Kenneth Mahaffey, Austin, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Asst. Crim. Dist. Atty. and Chief of the Appellate Division, and Michael Casillas, and Mollee Westfall, and Jay Lapham, Asst. Crim. Dist. Attys., Fort Worth, for State.

PANEl A: LIVINGSTON and WALKER, JJ.

## OPINION ON STATE'S AMENDED PETITION FOR DISCRETIONARY REVIEW

SUE WALKER, Justice.

### I. INTRODUCTION

Pursuant to Texas Rule of Appellate Procedure 50, we withdraw our March 25, 2004 opinion and judgments and substitute the following. TEX.R.APP. P. 50. We clarify that we address Appellant Shane Lee Hale's complaint under only the United States Constitution and that we apply rule 44.2(a)'s constitutional harm analysis to the trial court's ruling that the testimonial statement of an accomplice is admissible against Hale. TEX.R.APP. P. 44.2(a).

The trial court denied Hale's pretrial motion to exclude a written testimonial statement made in the course of custodial interrogation by a nontestifying accomplice. Hale then entered negotiated guilty pleas to aggravated sexual assault charges, subject to his right to appeal the pretrial ruling. Pursuant to the plea agreement, the trial court sentenced Hale to forty years' confinement. Hale filed a notice of appeal, and the trial court certified Hale's right to appeal the pretrial ruling. Hale contends that the trial court violated his confrontation rights under the United States Constitution by ruling that the nontestifying accomplice's statement was admissible. Pursuant to the dictates of *Crawford v. Washington,* we agree. —— U.S. ——, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177 (2004). Consequently, we reverse the trial court's judgments and remand the cases.

### II. FACTUAL BACKGROUND

In three separate indictments, the State charged Hale with two instances of aggravated sexual assault occurring on November 1, 2001 and March 1, 2002, and with being a party to the March 1, 2002 aggravated sexual assault. The State provided discovery to Hale indicating that the State would be offering into evidence a written statement made during custodial interrogation by Hale's codefendant in the March 1 sexual assault, Michael Gardner. Hale learned that Gardner would refuse to testify at Hale's trial and would assert his right against self-incrimination. Hale then filed pretrial motions to exclude Gardner's statement, arguing that the State's use of a nontestifying witness's written statement inculpating him deprived him of his confrontation rights under the United States and Texas Constitutions.

At the pretrial hearing, the trial court heard Hale's motions to exclude Gardner's statement. Hale offered into evidence an affidavit from Gardner swearing that he would refuse to testify and would assert his right against self-incrimination. The State responded that it intended to redact Gardner's statement to remove any references to what Hale said or did. The State also announced that it would be proceeding to trial only on the March 1 aggravated sexual assault charge and on the charge that Hale was a party to the March 1 aggravated sexual assault. The trial court requested briefs addressing the admissibility of Gardner's confession and a copy of the redacted version of Gardner's confession that the State intended to offer.[1] After receiving these items, the trial court ruled that Gardner's confession was admis-

---

1. The State provided the trial court with a copy of the redacted version it intended to use, and the redacted statement is in the record before us. The redacted statement simply replaces Hale's name with generic pronouns such as "he" or "him," but does not delete references to conduct attributed to Hale.

sible and denied Hale's motion to exclude. Hale then entered negotiated guilty pleas predicated on his right to appeal the trial court's pretrial ruling concerning the admissibility of Gardner's confession. The trial court certified Hale's right to appeal in each case, and these appeals followed.

### III. Admission of Nontestifying Accomplice's Confession Violates Confrontation Clause

■ In two points, Hale contends, respectively, that the trial court's ruling on the admissibility of Gardner's confession, in light of Gardner's refusal to testify, violates his Sixth Amendment right to confrontation under the United States Constitution as well as his confrontation rights under the Texas Constitution. The State argues that, because Hale does not point out any distinction in the analysis we are to apply under the United States Constitution Sixth Amendment Confrontation Clause and under the Texas Constitution, we should not apply a separate analysis and should overrule his second point. We agree, and we analyze Hale's contention under the United States Constitution Sixth Amendment Confrontation Clause only. *See, e.g., Lagrone v. State*, 942 S.W.2d 602, 614 (Tex.Crim.App.), *cert. denied*, 522 U.S. 917, 118 S.Ct. 305, 139 L.Ed.2d 235 (1997); *Varnes v. State*, 63 S.W.3d 824, 829 (Tex. App.-Houston [14th Dist.] 2001, no pet.) (holding that appellate court assumes appellant claims no greater protection under state constitution than that provided by federal constitution when state and federal claims not briefed separately). We overrule Hale's second point.

■ We review de novo the trial court's ruling that the admission of Gardner's confession would not violate Hale's

Confrontation Clause rights. *Lilly v. Virginia*, 527 U.S. 116, 136–37, 119 S.Ct. 1887, 1900, 144 L.Ed.2d 117 (1999) (holding that "when deciding whether the admission of a declarant's out-of-court statements violates the Confrontation Clause, courts should independently review whether the government's proffered guarantees of trustworthiness satisfy the demands of the Clause"). The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to ... be confronted with the witnesses against him." U.S. Const. amend. VI. The central concern of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversarial proceeding before the trier of fact. *Lilly*, 527 U.S. at 123–24, 119 S.Ct. at 1894. The United States Supreme Court recently held that, without exception, testimonial statements of witnesses absent from trial are admissible over a Sixth Amendment Confrontation Clause objection only where the declarant is unavailable and only where the defendant has had a prior opportunity to cross-examine.[2] *Crawford*, —— U.S. at ——–——, 124 S.Ct. at 1368–69. Statements taken by police officers in the course of interrogations are testimonial. *Id.* at 1364. Under *Crawford*, Gardner's written statement made to police during custodial interrogation constitutes testimonial evidence. *Id.* Gardner swore in an affidavit that he would assert his right not to testify at Hale's trial, and Hale did not have a prior opportunity to cross examine Gardner concerning his statement. The admission of a testimonial statement by an accomplice or codefendant as evidence of guilt of the

---

**2.** *Crawford* was pending, certiorari granted, in the United States Supreme Court at the time of oral argument, and both sides ac-

knowledged that the Supreme Court's holding in that case would be dispositive of the present case.

defendant on trial, absent opportunity by the defendant to cross examine the declarant, is "sufficient to make out a violation of the Sixth Amendment." *Id.* at 1374. Thus, the trial court's ruling on the admissibility of Gardner's testimonial statement violated Hale's Sixth Amendment Confrontation Clause rights. Gardner's statement is not admissible against Hale, and the trial court, without the benefit of the United States Supreme Court's holding in *Crawford,* erred in holding otherwise. *See id.* The Sixth Amendment right of confrontation is a fundamental right and is applicable to the States by virtue of the Fourteenth Amendment. *Shelby v. State,* 819 S.W.2d 544, 546 (Tex.Crim.App.1991) (citing *Pointer v. Texas,* 380 U.S. 400, 403, 85 S.Ct. 1065, 1068, 13 L.Ed.2d 923 (1965)). Because the Sixth Amendment right of confrontation is a fundamental right, and because a violation of that right constitutes constitutional error, we must reverse a trial court's judgment when Confrontation Clause error is present unless we can determine beyond a reasonable doubt that the error did not contribute to the conviction. *See* Tex.R.App. P. 44.2(a) (requiring reversal of constitutional error unless the appellate court determines beyond a reasonable doubt that the error did not contribute to the conviction); *see also Davis v. Alaska,* 415 U.S. 308, 318, 94 S.Ct. 1105, 1111, 39 L.Ed.2d 347 (1974) (holding that denial of effective cross-examination is "constitutional error of the first magnitude and no amount of showing of want of prejudice would cure it"). In determining harm from Confrontation Clause error, we are to apply the factors enunciated in *Delaware v. Van Arsdall,* 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). *Shelby,* 819 S.W.2d at 547, 550–51 (applying factors when, as here, trial court admitted witness's testimony against the defendant but limited the defendant's cross-examination of that witness). The *Van Arsdall* harm factors are the importance of the witness's testimony; whether the testimony was cumulative; the presence or absence of evidence corroborating or contradicting material points of the witness's testimony; the extent cross-examination was permitted; and the overall strength of the State's case. 475 U.S. at 684, 106 S.Ct. at 1438. If, applying these factors, the appellate court cannot determine beyond a reasonable doubt that the Confrontation Clause violation did not contribute to the appellant's conviction or punishment, it must reverse the trial court's judgment. Tex. R.App. P. 44.2(a); *Shelby,* 819 S.W.2d at 546–47 (applying factors and holding that "we cannot conclude beyond a reasonable doubt that the denial of the appellant's fundamental right to cross-examination guaranteed by the Sixth Amendment was harmless").

Hale entered guilty pleas after the trial court denied his pretrial motions to exclude Gardner's testimonial statement. Consequently, the record before us does not include a trial. Thus, we cannot apply the *Van Arsdall* harm factors to conclude that the Confrontation Clause violation was harmless. *Accord Shelby,* 819 S.W.2d at 546–47. Because Hale pleaded guilty following the trial court's pretrial ruling on his motions to exclude and obtained permission to appeal that ruling, on the record before us we cannot determine beyond a reasonable doubt that the trial court's erroneous ruling on Hale's pretrial motions to exclude did not contribute to his guilty pleas, that is, his convictions. Accordingly, we sustain Hale's first point.

## IV. No WAIVER OF CONFRONTATION RIGHTS IN CAUSE No. 12,075

 Hale filed a "Motion to Prohibit State from Attempting to Introduce Written Statements or Reports From State Witnesses or Co–Defendant" in each of

the three cases pending against him. The trial court considered Hale's motions to prohibit the State's use of Gardner's statement at a pretrial hearing. At the hearing, the State announced that it intended to proceed to trial on only two of the indictments against Hale. The trial court ruled that Gardner's statement was admissible. Subsequently, all three cases against Hale were called to trial, and he entered negotiated pleas of guilt in each case.

The State now contends on appeal that because at the pretrial hearing it stated that it was proceeding to trial on only two of the indictments against Hale, the trial court's ruling concerning the admissibility of Gardner's statement applied only to those two cases, not to the third case—cause no. 12,075—on which the State did not intend to proceed to trial. The State claims that Hale failed to obtain a ruling on the admissibility of Gardner's statement in the third case and that, therefore, the issue is waived as to that case. We cannot agree. Hale filed motions asserting his Confrontation Clause rights and objecting to the State's use of Gardner's statement in each case pending against him and set a hearing on all three of the motions. The trial court's ruling therefore clearly applies to all three motions. We decline to hold that a decision by the State as to which cases it is proceeding to trial on can result in a waiver of rulings specifically sought by a defendant in written motions and sought at a hearing on those motions.

### V. Conclusion

Having sustained Hale's first point, we reverse the trial court's judgments and remand the cases to that court.

CAYCE, C.J., not participating.