NUMBER 13-02-636-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

ROGER MORGAN WALL,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                      


On appeal from the 338th District Court of Harris County, Texas.
                                                                                                                      

O P I N I O N

Before Justices Yañez, Rodriguez, and Garza
Opinion by Justice Yañez
 
            Appellant, Roger M. Wall, was convicted by a jury of aggravated assault, enhanced
with two prior felony convictions. The jury assessed punishment at confinement for thirty-five years. By two issues, appellant challenges his conviction for aggravated assault. We
affirm.
          The record contains the trial court’s certification that the case is not a plea-bargain
case, and the defendant has the right of appeal. See Tex. R. App. P. 25.2 (a)(2).
I. BACKGROUND
          On December 31, 2001, a group of men gathered at an abandoned gas station to
celebrate the approach of the new year. Appellant, who sometimes drank with these men,
wandered over to visit with them. One of the victims of the assault, Donald Norman, later
provided a statement to police detailing the events. According to Norman, appellant began
saying how much he hated “niggers and Mexicans.” Norman responded that he loved all
races and that he served his country for all races. Appellant retorted angrily that Norman
was a “nigger lover,” and then walked a few feet away to pick up a wooden board.
          Appellant then attacked several individuals with the board, causing all to be injured,
two so severely that hospitalization was required. Norman was one of the victims requiring
hospitalization. While at the hospital, Deputy Luis G. Figueroa questioned Norman about
the events. Norman answered Figueroa’s questions and identified appellant as the
perpetrator of the assault.
          Norman was unavailable to testify at trial. Instead, the State called Deputy Figueroa
to testify as to what Norman disclosed to him in response to Figueroa’s questioning at the
hospital. Appellant objected to the admission of this evidence claiming that it was
inadmissible hearsay. However, the trial court allowed Norman’s statements to be
admitted into evidence under the excited utterance exception to the hearsay rule. See
Tex. R. Evid. 803(2). 
 
II. IMPROPER CLOSING ARGUMENT
          By his first issue, appellant contends that the trial court erred in overruling his
objection to an improper jury argument. Specifically, appellant contends that the
prosecutor’s closing argument during the punishment phase of the trial was neither a
proper plea for law enforcement, nor a reasonable deduction from the evidence.
          The standard of review for improper jury argument is to review the record in its
entirety to determine whether any erroneous statements were made, and if so, whether
they were so prejudicial as to deprive the appellant of a fair and impartial trial. Willis v.
State, 785 S.W.2d 378, 385 (Tex. Crim. App. 1989). The failure to preserve error by
making a timely objection each time the evidence is offered forfeits the right to complain. 
Tex. R. App. P. 33.1. An objection is timely when it is made before the evidence is
admitted or as soon as the objectionable nature of the evidence becomes apparent. 
Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). 
          Here, appellant forfeited his right to complain by failing to timely object to the
prosecutor’s statements. The prosecutor made the following two statements in closing
arguments of the punishment phase of trial:
[Prosecutor]: I’m going to submit to you that the only thing that is going to stop
someone from getting killed possibly in the future by this man who is getting more
serious instead of less, is if you give him life. That is the only thing that is going to
stop him.
. . .
He’s getting more serious. We go from the misdemeanor assaults to the
injury to a child, then to this aggravated assault. What is next? Literally,
does he have to murder somebody for us to decide that he does not need to
be out in society? He will do it again. And the question is: Are you going to
let him? Are you going to let him do it again? And when?
 
  (emphasis added)
          Appellant did not object to either statement made by the prosecutor. Appellant did,
however, object after a similar statement made at the end of the prosecutor’s closing
argument. In that final statement, the prosecutor said, “[s]o, what I’m asking you, what I’m
begging you, we’ve got to take him off the street because anything short of life will not stop
him. And if you don’t give him life, he might take a life.” (emphasis added). Thus, on three
occasions during closing argument, the prosecutor argued that appellant should receive
a life sentence because of his propensity for violence and that he might one day commit
murder. Appellant failed to object the first two times such statements were offered. When
appellant finally did object, it was at the end of the prosecutor’s closing argument. It is
unclear as to whether the objection was directed to the entire closing argument or solely
to the final statement. In either case, we conclude appellant’s late objection was untimely
and that any error was not preserved. See Tex. R. App. P. 33.1. Appellant’ first issue is
overruled. 
III. ADMISSIBILITY OF WITNESS NORMAN’S STATEMENT UNDER THE
CONFRONTATION CLAUSE

          In his second issue, appellant challenges the admission of Norman’s statement as
a violation of his right to confrontation. Appellant has sufficiently preserved his
confrontation complaint for review.
The Federal Constitutional Right of Confrontation
          Appellant contends that his Sixth Amendment right to confrontation under the United
States Constitution as well as under the Texas Constitution were violated. However,
because appellant did not brief his claims separately, we assume he claims no greater
protection under the state constitution than that provided by the federal constitution. 
Lagrone v. State, 942 S.W.2d 602, 614 (Tex. Crim. App. 1997), cert. denied, 522 U.S. 917
(1997); see Hale v. State, Nos. 2-03-143-CR, 2-03-144-CR, 2-03-145-CR, 2004 Tex. App.
LEXIS 5133 (Tex. App.–Ft. Worth June 9, 2004, no pet. h.) (designated for publication). 
Thus, we only apply the Sixth Amendment of the United States Constitution.
          The fundamental issue presented in this appeal is whether a non-testifying witness’s
statement made to a police officer during investigation of a crime and incriminating the
defendant, is admissible against the defendant. We review the trial court’s ruling de novo. 
See Mottoni v. State, 25 S.W.3d 300, 304 (Tex. App.–Austin 2000, no pet.). 
          At the time of appellant’s trial, a Sixth Amendment challenge to the admissibility of
an out-of-court statement against the accused was governed by Ohio v. Roberts, 448 U.S.
56, 66 (1980); see Brooks v. State, 132 S.W.3d 702, 705 (Tex. App.–Dallas 2004, no pet.
h.). In Roberts, the Supreme Court discussed the confrontation issues raised by hearsay
and directed that the following requirements be met before an out-of-court statement could
be admitted:
In sum, when a hearsay declarant is not present for cross-examination at trial, the
Confrontation Clause normally requires a showing that he is unavailable. Even
then, his statement is admissible only if it bears adequate “indicia of reliability.” 
Reliability can be inferred without more in a case where the evidence falls within a
firmly rooted hearsay exception. In other cases, the evidence must be excluded,
at least absent a showing of particularized guarantees of trustworthiness. 
 
Roberts, 48 U.S. at 66.

          Thus, after Roberts, to determine the admissibility of a statement subject to a
confrontation challenge, we tested a statement’s reliability in one of two ways: first, whether
there was a firmly-rooted hearsay exception; or second, whether there were particularized
guarantees of trustworthiness, such that adversarial testing would be expected to add little,
if anything, to the statement’s reliability. See id.
The Crawford Standard
          While the instant case was pending before this Court, the Supreme Court overruled
Roberts and set out a new test in Crawford v. Washington, 124 S.Ct. 1354, 1369 (2004). 
Justice Scalia, writing for the Court, provided a historical overview of the principle of
confrontation from ancient Roman times up through the adoption of the Sixth Amendment. 
 See id. at 1359-63. Crawford concludes that the Roberts test represents a departure from
the original intent of the framers of the Constitution. Id. Specifically, the Court determined
that the Roberts test’s adherence to a general reliability exception to the confrontation
clause was misplaced. Id. at 1369. Instead, the court noted:
admitting statements deemed reliable by a judge is fundamentally at odds with the
right of confrontation. To be sure, the Clause’s ultimate goal is to ensure reliability
of evidence, but it is a procedural rather than a substantive guarantee. It
commands not that evidence be reliable, but that reliability be assessed in a
particular manner: by testing in the crucible of cross examination. The Clause thus
reflects a judgment, not only about the desirability of reliable evidence (a point on
which there could be little dissent), but about how reliability can best be determined.
 
Id. at 1370.

          We turn now to the test set out in Crawford, which was recently applied by our sister
court in Brooks, 132 S.W.3d at 707. As the Brooks court noted:
The threshold question imposed by Crawford is whether the proffered out-of-court
statement is “testimonial” in nature. Although the Court purposefully avoids drawing
a comprehensive definition of the term, it identifies certain categories of out-of-court
statements that definitely fall under the heading of testimonial statements. These
categories include prior sworn testimony from a preliminary hearing, a grand jury
proceeding, or an earlier trial. They also include police interrogations. According
to Crawford, these types of statements bear the “closest kinship” to the abuses at
which the Confrontation Clause was directed.
 
Id. (citations omitted).  

          Once a statement is determined to be “testimonial,” the Sixth Amendment demands
that the witness be unavailable and that the defendant had a prior opportunity for cross-examination. Crawford, 124 S. Ct. at 1374 (emphasis added). 
 “Testimonial” Statements Under Crawford
           We therefore first address whether witness Norman’s out-of-court statement is
“testimonial” in nature. Although the Supreme Court declined to define “testimonial,” the
Court did outline certain categories of statements, including police interrogation, that
definitely qualify as testimonial statements. Id. at 1364-65. 
          We note that in Cassidy v. State, No. 03-03-00098-CR, 2004 Tex. App. LEXIS 4519,
at *10 (Tex. App.–Austin May 20, 2004, no pet.) (designated for publication), our sister
court addressed the issue of what constitutes a “testimonial” statement made during “police
interrogation.” See id. With facts almost identical to this case, the Cassidy court held that
an interview of a witness by a police officer at a hospital, shortly after an assault, did not
constitute interrogation as the term is used in Crawford. Therefore, the court held that the
statements were outside the scope of the Sixth Amendment. Id. We respectfully disagree.
          The Crawford court specifically stated that its use of the term “interrogation” was “in
its colloquial, rather than any technical legal, sense.” Crawford, 124 S. Ct. at 1365, n.4. 
The Court stated specifically, however, that a recorded statement “knowingly given in
response to structured police questioning, qualifies [as interrogation] under any
conceivable definition.” Id. We conclude, therefore, that a police officer conducting an
interview of a witness at a hospital is such “structured police questioning,” and is thus an
“interrogation” under the holding in Crawford. See id. The Crawford court further held that
“[s]tatements taken by police officers in the course of interrogations are also testimonial
under even a narrow standard.” See id. at 1364. To hold otherwise ignores the central
holding in Crawford. As the Court noted, “[w]here testimonial statements are at issue, the
only indicium of reliability sufficient to satisfy constitutional demands is the one the
Constitution actually prescribes: confrontation.” See id. at 1374. 
Application of the Law to the Facts 
          Here, witness Norman’s statement was given in response to investigative
questioning by Deputy Figueroa. As we noted above, we conclude that this is a “police
interrogation” under the definition set forth in Crawford. See id. at 1364-65. Thus, we hold
that Norman’s out-of-court statement is “testimonial” in nature as a matter of law. See id. 
          After determining that the statement is “testimonial,” we next address whether
Norman was available to testify, and if not, whether the appellant was provided with a prior
opportunity for cross-examination. Norman was not available to testify at trial, and
appellant was provided with no prior opportunity for cross-examination. Thus, we hold that
admission of Norman’s statement violated appellant’s right to confrontation under the Sixth
Amendment of the United States Constitution. See id. at 1374.
IV. HARM ANALYSIS
          Once constitutional error has been identified, the judgment of conviction must be
reversed unless it is determined beyond a reasonable doubt that the error did not
contribute to appellant’s conviction. See Chapman v. California, 386 U.S. 18, 24, (1967);
Tex. R. App. P. 44.2(a);


 Mendez v. State, 56 S.W.3d 880, 893 (Tex. App.–Austin 2001,
pet ref’d.). Essentially, we must “calculate, as nearly as possible, the probable impact of
the error on the jury in light of the other evidence.” McCarthy v. State, 65 S.W.3d 47, 56
(Tex. Crim. App. 2001). “If there is a reasonable likelihood that the error materially affected
the jury’s deliberations, then the error is not harmless beyond a reasonable doubt.” 
Brooks, 132 S.W.3d at 708. Moreover, “[t]he fact that the legally admitted evidence is
sufficient to support the verdict does not demonstrate the error was harmless.” Id. 
“However, the error may be harmless when the lawfully admitted evidence of the
defendant’s guilt is overwhelming.” Id.
          In determining harm associated with inability to confront, courts should consider
factors including whether the testimony was cumulative, the presence or absence of
corroboration, and the overall strength of the prosecution’s case. Id. at 711 (citing
Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986)).
          Appellant was convicted of aggravated assault. Under the Texas Penal Code,
assault occurs if “a person intentionally or knowingly causes physical contact with another
when the person knows or should reasonably believe that the other will regard the contact
as offensive or provocative.” Tex. Pen. Code Ann. § 22.01(a)(3) (Vernon 2003). An
assault is elevated to the offense of aggravated assault, among other circumstances, when
the assault “causes serious bodily injury to another.” Id. § 22.02(a)(1).
          The question then is whether, disregarding Norman’s statement, the lawfully
admitted evidence overwhelmingly proves the defendant’s guilt. See Brooks, 132 S.W.3d
at 708. We conclude that it does. The State presented three witnesses, each of whom
testified that the defendant, unprovoked, struck several victims with a club/stick/board. 
First, Cinellia Fry testified that while she was stopped at a red light adjacent to the scene
of the crime, she saw appellant grab a stick and viciously attack several unarmed men. 
          Second, Jerry Hunter testified that he was sitting in his car with his family at the
McDonald’s across the street from the scene, approximately 100 to 150 feet away. Hunter
stated that he saw some men arguing, and that the appellant walked over to a pick-up
truck, picked up a club, and attacked several men. Finally, Samuel Pierce, one of the
victims of the attack and an acquaintance of appellant, testified that he was assaulted, 
identified his attacker as appellant, and stated that he was hit several times with a board.
          The defense presented three witnesses. Their testimony detailed the events after
the assault, when they arrived at the abandoned gas station. None of the three testified
as to what actually occurred between the victims and appellant.
          Thus, of the witnesses testifying at trial, those who actually witnessed the crime
testified that appellant was the attacker. Moreover, one of those witnesses was an
acquaintance of appellant and identified appellant as the attacker. The evidence 
overwhelmingly establishes appellant’s guilt, even disregarding the erroneously admitted
evidence. The testimony establishes that appellant intentionally caused physical contact
with another that resulted in serious bodily injury, while knowing that the victims would
regard the contact as offensive or provocative, as required by the Texas Penal Code. See
Tex. Pen. Code Ann. §§ 22.01(a)(3), 22.02(a)(1) (Vernon 2003). Accordingly, we hold that
the error committed by the trial court was not harmful, and thus overrule appellant’s second
issue.
          The judgment of the trial court is affirmed.
 
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice



 

Publish. Tex. R. App. P. 47.2(b).

Opinion delivered and filed this the
19th day of August, 2004.