In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00112-CR


______________________________




WALTER WIDNER, JR., Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court at Law


Harrison County, Texas


Trial Court No. 2005-0619




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Walter Widner, Jr. entered a guilty plea, pursuant to a plea agreement, to driving while
intoxicated. The trial court certified that he had a right to appeal matters raised by written motion
filed and ruled on before trial. See Tex. R. App. P. 25.2(a)(2). 

 Widner contends on appeal that he filed a motion to cross-examine the State's expert about
the operation of the Intoxilyzer 5000, which was denied by the trial court before trial. The clerk's
record contains a copy of the motion, which was formally denied by the trial court April 24, 2006,
the date of the hearing on the guilty plea. The record of the guilty plea reflects that the document
had been filed before trial, and the court denied the motion before accepting Widner's plea. 

 This case is one of eight appeals filed by counsel nearly simultaneously, all of which had to
do with cross-examination (or the lack of) of a State's expert about the device used to measure breath
alcohol. This case aligns both procedurally and legally with Woodall v. State, No. 06-06-00106-CR,
2006 Tex. App. LEXIS 1304 (Tex. App.--Texarkana Feb. 22, 2007, no pet. h.). Factually, the only
difference is that in Woodall, some evidence was heard before the defendant withdrew his plea of
not guilty, and in this case, Widner pleaded before any evidence was offered. 

 The brief filed by counsel is identical to that filed in Woodall, and we likewise read the brief
in this case to assert one error: that the trial court erred in entering the order barring Widner from
conducting any cross-examination of the State's breath-testing expert on the stated issues. The State
likewise argues identically in this case: first, that error was not preserved because there was no bill
of exceptions made; and second, that the accuracy of the machine was established by caselaw and
statute and not subject to attack.

 The discussion between counsel and the trial court in this case is brief, but informative. 
Further, the comments made by counsel and the court, and the court's ready acceptance of (and denial
of) the motion--which it had seen before and which specifically sets out the areas of questioning that
counsel wished to raise--make it quite clear that the court knew exactly the matters that counsel
wished to raise. Further, it is apparent that the court was fully aware of the attacks that counsel
wanted to make through questioning the State's expert. As in Woodall, and for the reasons stated
therein, we find that the issue in this case was preserved for review.

 Again, as in our opinion in Woodall, we also find in this case that complete denial of the right
to cross-examination was error, and that because the right to present a defense is a fundamental
element of due process of law, and because a violation of that right constitutes constitutional error,
we must reverse a trial court's judgment when such an error is present unless we can determine
beyond a reasonable doubt that the error did not contribute to the conviction. See Tex. R. App. P.
44.2(a) (requiring reversal of constitutional error unless appellate court determines beyond a
reasonable doubt that the error did not contribute to the conviction); see also Davis v. Alaska, 415
U.S. 308, 318 (1974) (holding that denial of effective cross-examination is "constitutional error of
the first magnitude and no amount of showing of want of prejudice would cure it"). 

 Widner entered his plea of guilty after the trial court denied his pretrial motion to permit
cross-examination of the State's expert as to the efficacy of the breath-testing machine. Because
Widner pleaded guilty following the trial court's pretrial ruling on his motion and obtained
permission to appeal that ruling, on the record before us we cannot determine beyond a reasonable
doubt that the trial court's erroneous ruling on Widner's motion to exclude did not contribute to his
guilty plea, that is, his conviction. See Hale v. State, 139 S.W.3d 418, 420 (Tex. App.--Fort Worth
2004, no pet.).

 Accordingly, we sustain Widner's contention of error.

 We reverse the judgment and remand the case to the trial court for further proceedings.



 Bailey C. Moseley

 Justice


Date Submitted: February 2, 2007

Date Decided: March 9, 2007


Do Not Publish