In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00109-CR


______________________________




APRIL HARLOW, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court at Law


Harrison County, Texas


Trial Court No. 2005-1388




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION


 April Harlow pled guilty, pursuant to a plea agreement, to driving while intoxicated. The
trial court certified that she had a right to appeal matters raised by written motion filed and ruled on
before trial. See Tex. R. App. P. 25.2(a)(2). 

 Harlow contends on appeal that she filed a motion to cross-examine the State's expert about
the operation of the Intoxilyzer 5000, which was denied by the trial court before trial. The clerk's
record contains a copy of the motion, which was formally denied by the trial court April 24, 2006,
the date of the hearing on the guilty plea. The record of the guilty plea reflects that the document had
been filed before trial, and the court denied the motion before accepting Harlow's plea. 

 This case is one of eight appeals filed by counsel nearly simultaneously, all of which had to
do with cross-examination, or the lack thereof, of a State's expert about the device used to measure
breath alcohol. This case aligns both procedurally and legally with Woodall v. State, No. 06-06-00106-CR, 2007 Tex. App. LEXIS 1304 (Tex. App.--Texarkana Feb. 22, 2007, no pet. h.). 
Factually, the only difference is that in Woodall, some evidence was heard before the defendant
withdrew her plea of not guilty, and in this case Harlow pled before any evidence was offered. 

 The brief filed by counsel is identical to that filed in Woodall, and we likewise read the brief
in this case to assert one error: that the trial court erred in entering the order barring Harlow from
conducting any cross-examination of the State's breath-testing expert on the stated issues. The State
likewise argues identically in this case: first, that error was not preserved because there was no bill
of exceptions made; and second, that the accuracy of the machine was established by caselaw and
statute and not subject to attack.

 The discussion between counsel and the trial court in this case is brief, but informative. 
Further, the comments made by counsel and the court, and the court's ready acceptance and denial
of the motion--which it had seen before and which specifically sets out the areas of questioning that
counsel wished to raise--make it quite clear that the court knew exactly the matters counsel wished
to raise. Further, it is apparent the court was fully aware of the attacks that counsel wanted to make
through questioning the State's expert. As in Woodall, and for the reasons stated therein, we find that
the issue in this case was preserved for review.

 Again, as in our opinion in Woodall, we also find in this case (1) that complete denial of the
right to cross-examination was error, (2) that the right to present a defense is a fundamental element
of due process of law, and (3) that a violation of that right constitutes constitutional error. Therefore,
we must reverse a trial court's judgment when such an error is present unless we can determine
beyond a reasonable doubt that the error did not contribute to the conviction. See Tex. R. App. P.
44.2(a) (requiring reversal of constitutional error unless appellate court determines beyond 
reasonable doubt that the error did not contribute to conviction); see also Davis v. Alaska, 415 U.S.
308, 318 (1974) (denial of effective cross-examination is "constitutional error of the first magnitude
and no amount of showing of want of prejudice would cure it"). 

 Harlow entered her plea of guilty after the trial court denied her pretrial motion to permit
cross-examination of the State's expert as to the efficacy of the breath-testing machine. Because
Harlow pled guilty following the trial court's pretrial ruling on her motion and obtained permission
to appeal that ruling, on the record before us we cannot determine beyond a reasonable doubt that
the trial court's erroneous ruling on Harlow's motion to exclude did not contribute to her guilty plea,
that is, her conviction. See Hale v. State, 139 S.W.3d 418, 420 (Tex. App.--Fort Worth 2004, no
pet.).

 Accordingly, we sustain Harlow's contention of error.

 We reverse the judgment and remand the case to the trial court for further proceedings.


 Jack Carter

 Justice


Date Submitted: January 26, 2007

Date Decided: March 9, 2007


Do Not Publish



g, that Odum's sentence is grossly disproportionate to the crime
he committed, there is no evidence in the record from which we could compare his sentence to the
sentences imposed on other persons in Texas or on persons in other jurisdictions who committed a
similar offense. See Latham v. State, 20 S.W.3d 63, 69 (Tex. App.--Texarkana 2000, pet. ref'd);
Davis v. State, 905 S.W.2d 655, 664-65 (Tex. App.--Texarkana 1995, pet. ref'd). Without such
evidence, the record before us does not support Odum's claim of demonstrable error. Cf. Jackson,
989 S.W.2d at 846 ("there is no evidence in the record reflecting sentences imposed for similar
offenses on criminals in Texas or other jurisdictions by which to make a comparison").

 There being no other issues before us, we affirm the trial court's judgment.



 Bailey C. Moseley

 Justice


Date Submitted: June 7, 2007

Date Decided: June 14, 2007


Do Not Publish

1. Odum did not object to the sentence on the ground it was disproportionate to the crime, or
on any other ground, at the time it was imposed. His motion for new trial, however, contains a
contention that the sentence was disproportionate to the offense. A motion for new trial is an
appropriate way to preserve this type of claim for review. See Williamson v. State, 175 S.W.3d 522,
523-24 (Tex. App.--Texarkana 2005, no pet.); Delacruz v. State, 167 S.W.3d 904 (Tex.
App.--Texarkana 2005, no pet.).
2. At the time of his original guilty plea, the court correctly admonished Odum that he could
be sentenced to between two and twenty years for this offense, a second-degree felony. The
judgment finding him guilty and sentencing him to community supervision also reflects the correct
range of punishment. At the revocation hearing the subject of this appeal, the trial court informed
Odum that the range of punishment was two to ten years; and sentenced him within that range. 
However, the judgment revoking community supervision does reflect a second-degree felony, which
carries a range of two to twenty years. See Tex. Penal Code Ann. § 12.33 (Vernon 2003). This
discrepancy is not raised as a point of error on appeal, and we do not address it in this opinion.