In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00110-CR


______________________________




ALFONSO R. RODRIGUEZ, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court at Law


Harrison County, Texas


Trial Court No. 2005-1255




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Alfonso R. Rodriguez pled guilty, pursuant to a plea agreement, to driving while intoxicated. 
The trial court certified that he had a right to appeal matters raised by written motion filed and ruled
on before trial. See Tex. R. App. P. 25.2(a)(2). 

 Rodriguez contends on appeal that he filed a motion to cross-examine the State's expert about
the operation of the Intoxilyzer 5000, which was denied by the trial court before trial. The clerk's
record contains a copy of the motion, which was formally denied by the trial court April 21, 2006,
the date of the hearing on the guilty plea. The record of the guilty plea states that the document had
been filed before trial, and the court denied the motion before accepting Rodriguez's plea. 

 This case is one of eight appeals filed by counsel nearly simultaneously, all of which had to
do with cross-examination, or the lack thereof, of a State's expert about the device used to measure
breath  alcohol.  This  case  aligns  both  procedurally  and  legally  with  Woodall  v.  State,  No.
06-06-00106-CR, 2007 Tex. App. LEXIS 1304 (Tex. App.--Texarkana Feb. 22, 2007, no pet. h.).
Factually, the only difference is that in Woodall, some evidence was heard before the defendant
withdrew his plea of not guilty, and in this case Rodriguez pled before any evidence was offered. 

 The brief filed by counsel is identical to that filed in Woodall, and we likewise read the brief
in this case to assert one error: that the trial court erred in entering the order barring Rodriguez from
conducting any cross-examination of the State's breath-testing expert on the stated issues. The State
likewise argues identically in this case: first, that error was not preserved because there was no bill
of exceptions made; and second, that the accuracy of the machine was established by caselaw and
statute and not subject to attack.

 The discussion between counsel and the trial court in this case is brief, but informative. 
Further, the comments made by counsel and the court, and the court's ready acceptance and denial
of the motion--which it had seen before and which specifically sets out the areas of questioning that
counsel wished to raise--make it quite clear that the court knew exactly the matters counsel wished
to raise. Further, it is apparent that the court was fully aware of the attacks counsel wanted to make
through questioning the State's expert. As in Woodall, and for the reasons stated therein, we find that
the issue in this case was also preserved for review.

 Again, as in our opinion in Woodall, we also find in this case (1) that complete denial of the
right to cross-examination was error, (2) that the right to present a defense is a fundamental element
of due process of law, and (3) that a violation of that right constitutes constitutional error. Therefore,
we must reverse a trial court's judgment when such an error is present unless we can determine
beyond a reasonable doubt that the error did not contribute to the conviction. See Tex. R. App. P.
44.2(a) (requiring reversal of constitutional error unless appellate court determines beyond 
reasonable doubt that the error did not contribute to conviction); see also Davis v. Alaska, 415 U.S.
308, 318 (1974) (denial of effective cross-examination is "constitutional error of the first magnitude
and no amount of showing of want of prejudice would cure it"). 

 Rodriguez entered his plea of guilty after the trial court denied his pretrial motion to permit
cross-examination of the State's expert as to the efficacy of the breath-testing machine. Because
Rodriguez pled guilty following the trial court's pretrial ruling on his motion and obtained
permission to appeal that ruling, on the record before us we cannot determine beyond a reasonable
doubt that the trial court's erroneous ruling on Rodriguez's motion to exclude did not contribute to
his guilty plea, that is, his conviction. See Hale v. State, 139 S.W.3d 418, 420 (Tex. App.--Fort
Worth 2004, no pet.).

 Accordingly, we sustain Rodriguez's contention of error.

 We reverse the judgment and remand the case to the trial court for further proceedings.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: January 26, 2007

Date Decided: March 9, 2007


Do Not Publish



App. P. 68.3. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure. See Tex. R. App. P. 68.4.