In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00075-CR


______________________________




CLARK DEWAYNE MAYS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 6th Judicial District Court


Lamar County, Texas


Trial Court No. 20506




 




Before Morriss, C.J., Carter and Moseley, JJ.


Opinion by Justice Moseley


Concurring Opinion by Justice Carter

O P I N I O N



 Charged with capital murder in a case wherein the State had waived the death penalty, Clark
DeWayne Mays pled guilty and was sentenced to life imprisonment. Mays appeals the conviction.

 On voir dire, Mays made the statement that, "The law in Texas is that we can look at their
history, their medical history, their psychological history, their psychiatric history, and we can look
at those factors to determine their state of mind." At this point, the State interrupted with a request
for a bench conference, after which the jury was removed and an on-record discussion regarding the
admissibility of such evidence ensued.

 The trial court commenced this discussion with the acknowledgment that it had been
provided with a copy of Jackson v. State, 160 S.W.3d 568 (Tex. Crim. App. 2005), had read it, and
was prepared to rule on the admissibility of evidence regarding Mays' mental capabilities, inviting
Mays to make a record for appeal of that specific issue. Throughout, both the trial court and Mays
use the term "diminished capacity" in the exchange and in the proffer for the record.

 Based upon language found in different parts of Jackson, Mays conceded that, while Texas
law does not recognize an affirmative defense "[t]o show that the defendant was not able at the time
to understand the nature of his actions as a result of mental impairments," nevertheless "mental
illness is relevant and it is admissible as evidence to show that the defendant lacked the capacity . . .
to form the specific intent or the intent element of murder." Mays went on to state that it had been
his intention and his trial strategy to question the jury panel on the members' reactions to such a
position and attempt to determine how they would view evidence of "mens rea of intent versus how
it would apply to the lesser included offense of negligent homicide" and the "included offense of
manslaughter and how the defendant's state of mind and mental impairments as related to that state
of mind would have related to the lesser included offense of manslaughter."

 The trial court responded that evidence of this nature would 

 be applicable in a case where punishment was at issue. But the punishment is not at
issue in this case. The only thing it could be applied to in this case would be the
question of guilt or innocence. Guilt or innocence cannot be defended by a
diminished capacity defense in this case. . . .  That is the court's ruling and that is the
way we will proceed. (1) 


During this hearing concerning exclusion of matters regarding this issue, the trial court went on to
add that, "The ruling of this court is that if you had a punishment issue, that that evidence might very
well be admissible." There was no attempt by the trial court to weigh the impact of such testimony
on other considerations which the court is permitted to take into account in applying Rule 403 of the
Texas Rules of Evidence. See Tex. R. Evid. 403.

 In light of the ruling and being unable to proceed toward seeking a charge on a lesser
included offense, Mays entered his guilty plea.

 The issue here hinges directly upon the interpretation to be placed upon the statements
contained in Jackson, 160 S.W.3d 568, and its application at trial. It is quite apparent from the
exchange between Mays and the trial court that it was contemplated by all that this very issue would
be appealed in order to obtain a ruling which set out the framework by which trial courts were to
operate in light of the positions set out in Jackson. (2)

 In many cases, a court can be presented with countervailing considerations in a murder trial. 
On the one hand, Article 38.36(a) of the Texas Code of Criminal Procedure states that:

 In all prosecutions for murder, the state or the defendant shall be permitted to offer
testimony as to all relevant facts and circumstances surrounding the killing and the
previous relationship existing between the accused and the deceased, together with
all relevant facts and circumstances going to show the condition of the mind of the
accused at the time of the offense.


Tex. Code Crim. Proc. Ann. art. 38.36(a) (Vernon 2005) (emphasis added).


 However, this blanket permission is tempered by Rule 403 of the Texas Rules of Evidence,
which permits the court to exercise its discretion by weighing the admission of evidence against
other factors, such as unfair prejudice, confusion of the issues, misleading the jury, or by
considerations of undue delay or needless presentation of cumulative evidence, even if the evidence
is otherwise relevant. 

 In this case, the sole issue is whether the defense may present evidence at the guilt/innocence
phase of the trial to show that the defendant is afflicted with mental or physical impairments or
abnormalities which bring into question whether he possessed the required state of mind at the time
of the offense; in other words, whether a defendant's state of mind is such that it decreases his ability
to formulate or possess the intent to commit a crime of the nature with which he is charged. 

 We review a trial court's ruling to admit or exclude evidence under an abuse of discretion
standard. Green v. State, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996); Montgomery v. State, 810
S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). If the court's decision falls outside the "zone
of reasonable disagreement," it has abused its discretion. Montgomery, 810 S.W.2d at 391. As long
as the trial court's ruling falls within the zone of reasonable disagreement, we will affirm its decision. 
Moses v. State, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). The trial court's decision must be
reasonable in view of all the relevant facts. Santellan v. State, 939 S.W.2d 155, 169 (Tex. Crim. 
App. 1997).

 Jackson makes it clear that, "Texas does not recognize diminished capacity as an affirmative
defense i.e., a lesser form of the defense of insanity." Jackson, 160 S.W.3d at 573. It does, however,
recognize something very closely akin to it, that being based on a diminished-capacity doctrine, this
being "simply a failure-of-proof defense in which the defendant claims that the State failed to prove
that the defendant had the required state of mind at the time of the offense." Id.

 Due to the instruction by the court during voir dire that Mays was not to pursue the issue of
his mental deficiencies, and the court's blanket refusal (as a matter of law) to admit any evidence of
this type, whatever its actual content, there was no showing of the nature of the evidence which was
to be produced or the conclusions concerning the mens rea required of a capital murder case. 
Therefore, we are not given the opportunity to compare the facts here with the ruling in Jackson. (3)

 However, in Mays' presentation of the evidence which he indicated that he was attempting
to put forward, he states that his object was to show that he would have explored relevant facts and
circumstances going to show the condition of his mind at the time of the killing and to apply it to the
lesser included offense of negligent homicide.

 We believe that this is a permissible aim of following the diminished-capacity doctrine set
forth in Jackson; in other words, so long as the defense is not pursuing a course of attempting to
prove that the defendant has absolutely no culpability for his actions but is, rather, making an effort
to show that the defendant's mental state reduced his mens rea to a state that the question of a lesser
included offense can become an issue, that is a permissible avenue to pursue. 

 The Texas Court of Criminal Appeals states in Jackson that 

 the trial judge has discretion to determine whether evidence of mental illness may be
presented to negate the element of mens rea, or whether the evidence should be
excluded on special grounds. If such evidence is admitted, the trial judge
additionally has the discretion to determine whether the evidence supports a
lesser-included-offense instruction. 


Jackson, 160 S.W.3d at 574. 

 Obviously, if there is discretion in the trial court to deny the entry of relevant evidence of this
nature, that discretion must have some basis. That basis is found in the considerations to take into
account as set out in Rule 403. Tex. R. Evid. 403. When Jackson speaks of whether lesser included
offense instructions are to be submitted to a jury, this kind of question must, by its nature, arise
during the guilt/innocence phase of a trial. By the time the punishment phase of a trial is entered,
it is then too late for a jury to go back and determine whether the defendant should not have been
convicted of the crime for which he was charged but, rather, for a lesser crime. Therefore, if a
defendant has the ability to pursue a failure-to-prove defense based upon a defendant's mental defect,
deficiency, or abnormality, that evidence must be allowed to be introduced at the guilt/innocence
phase of the trial; such evidence is not restricted to the punishment phase. 

 By deciding the admissibility of the evidence based solely and explicitly on an incorrect
application of law, the trial court necessarily abused its discretion. "As to the determination of
controlling legal principles, an abuse of discretion occurs if the trial court clearly fails to analyze or
apply the law correctly. A trial court has no discretion in determining what the law is or applying
the law to the facts. Thus, a failure by a trial court to analyze or apply the law correctly will
constitute an abuse of discretion." State v. Kurtz, 152 S.W.3d 72, 81 (Tex. Crim. App. 2004)
(Holcomb, J., dissenting) (footnotes omitted). "A trial court has no 'discretion' in determining what
the law is or applying the law to the facts." Huie v. DeShazo, 922 S.W.2d 920, 927-28 (Tex. 1996).
"Misapplication of the law to the facts of a particular case is a per se abuse of discretion." State v.
Ballard, 987 S.W.2d 889, 893 (Tex. Crim. App. 1999). Consequently, the trial court's erroneous
legal conclusion is an abuse of discretion. Kurtz, 152 S.W.3d at 81; Huie, 922 S.W.2d at 927-28.

 We find that the trial court was in error in having excluded en toto the entire realm of the
matter of Mays' mental deficiencies as they relate to his ability to form the necessary mens rea to
commit capital murder. 

 Mays withdrew his not guilty plea following (and explicitly based upon) the trial court's
ruling which barred his effort to present evidence and argument concerning the impact which Mays'
mental status had upon his ability to form the necessary mens rea to commit the offense with which
he was charged; he obtained permission to appeal that ruling. As a consequence, no evidence was
presented from which we can determine whether the trial court's erroneous ruling substantially
affected Mays' substantial rights. This ruling precipitated Mays' guilty plea. Thus, it necessarily
contributed to his conviction. See Tex. R. App. P. 44.2(b); Hale v. State, 139 S.W.3d 418, 420 (Tex.
App--Fort Worth 2004, no pet.). 

 Accordingly, we sustain Mays' contention of error.

 We reverse the judgment and remand the case to the trial court for further proceedings
consistent with this opinion.



 Bailey C. Moseley

 Justice




CONCURRING OPINION


 The Jackson case appears to establish two principles:

 (1) Texas law does not include a defense that, due to mental impairment (short of insanity),
the defendant did not have the requisite mens rea at the time of the offense because he or she does
not have the capacity to ever form that frame of mind. Jackson v. State, 160 S.W.3d 568, 574 (Tex.
Crim. App. 2005); and 

 (2) evidence of mental impairment (short of insanity) may be admissible and the jury may
consider if it negates the mens rea element. Id. 

 Even though in Jackson the Texas Court of Criminal Appeals acknowledged that the facts
did not require a determination of whether the doctrine of diminished capacity existed in Texas, the
court set out its understanding of the Texas law on the subject. The Texas Court of Criminal
Appeals opined that it was proper to admit evidence of the defendant's history of mental illness to
negate mens rea even though the defendant did not allege insanity. A history of schizophrenia,
bipolar disorder, and paranoia was admissible. However, the court further held that the trial court
properly precluded the defense from arguing to the jury that it should find the defendant did not have
the capacity to intentionally and knowingly commit the crime. How are these determinations
reconciled and applied at trial? The court unambiguously stated that one may not argue that due to
mental impairment he or she is incapable of ever forming the necessary mens rea requirement. 
However, since the court declared that evidence of mental impairment (mental illness) was
admissible to negate mens rea, it is clear that, in some circumstances, such evidence is proper. 
Perhaps the Texas Court of Criminal Appeals intended to allow a defendant to attempt to negate the
mens rea proof and show that, in the particular situation, the defendant in fact did not form the
required mens rea because of a mental impairment (without showing that he or she could never form
such intent). However, we do not need to decipher the full scope of the Jackson decision. In this
case, one purpose of introducing this evidence was to request a lesser included charge that included
a different mens rea requirement. 

 The Texas Court of Criminal Appeals stated that the trial court may determine whether the
mental illness evidence raises an issue on a lesser included charge. Id. In Jackson, the court agreed
that the evidence did not raise a lesser included offense. 

 So, here, when the trial court stated that evidence of mental impairment, short of insanity,
was not a defense to the crime, the court was correct. However, here, all evidence of mental
impairment was excluded for any purpose during the guilt/innocence stage of the trial. In this
murder case, it is possible that evidence of lesser charges may have been presented (i.e.,
manslaughter, negligent homicide). The ruling of the trial court excluding all mental illness evidence
came before the trial started or the jury had been selected. Consequently, it could not be determined
at that time if lesser included charges were required. Since mental illness evidence is at least
relevant regarding the possible lesser included offense mental state requirements (recklessness,
negligence), the trial court erred in the blanket exclusion. 

 I concur with the majority opinion. 



 Jack Carter

 Justice


Date Submitted: March 28, 2007

Date Decided: April 11, 2007


Publish

1. At one point, the trial court did say that, "Furthermore, even if relevant, the court finds that
the admission of such evidence would cause prejudice, would be irrelevant, and would be confusing
to the jury." However, this was not the court's final ruling on the matter. Later during the
discussion, the State inquired about whether there would be a proffer of the expert testimony which
Mays had intended to present. Mays' counsel addressed the court, saying, "No, he indicated that he
would not -- as I heard you, judge, not fall back on the probative prejudice argument, and it was a
blanket ruling that such evidence was inadmissable [sic]. That's how I understood you to say it." 
The court responded, "That's the way I meant it." Therefore, it is quite clear from the entirety of the
court's remarks that it was not relying on those findings but, rather, strictly on its ruling that this kind
of evidence was not admissible at the guilt/innocence phase for any reason unless it was under a
straight insanity plea. 
2. The trial court said, 


 I will be glad to certify your appeal on the entire point, but bar out any evidence of
mental incapacity short of insanity, because it's my opinion in this particular case, a
capital case with the death penalty waived, that the only defense would be insanity
and not any kind of diminished mental capacity.
3. In Jackson, the evidence showed that Jackson did, indeed, intend to cause serious bodily
harm or injury to his brother, the victim. Accordingly, the court determined that he possessed the
requisite mens rea, undiminished by his mental deficiencies.