

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

## No. 02-23-00296-CR

———————————————

TROY ANTHONY KELLEY JR., Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1754322

---

Before Sudderth, C.J.; Bassel and Womack, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellant Troy Anthony Kelley, Jr. appeals his sentence of 40 years' incarceration for aggravated robbery. In a single issue, Kelley argues that the trial court erred during the trial's punishment phase by admitting an out-of-court statement made by Kelley's accomplice in violation of the Sixth Amendment's Confrontation Clause. We agree that the trial court erred and that the error was harmful, and we therefore reverse Kelley's sentence and remand for a new punishment trial.

## I. BACKGROUND

Kelley was indicted for aggravated robbery with a deadly weapon, a first-degree felony. *See* Tex. Penal Code Ann. §§ 29.02, 29.03(a)(2), (b). The indictment also included a repeat-offender notice alleging that Kelley had been previously convicted of a felony, thus raising his punishment range to imprisonment for 15 to 99 years or life. *See id.* § 12.42(c)(1).

At trial, the State presented evidence showing that Kelley had robbed the clerk of an Arlington Circle K convenience store at gunpoint on the night of October 29, 2022. The clerk testified that one of the stacks of money that she handed to Kelley contained an electronic tracking device, which enabled Arlington police officers to quickly locate Kelley's vehicle, a red Dodge Caravan. According to responding officers, Kelley ignored their attempts to pull over his vehicle and instead led them on a high-speed chase. The evidence showed that Kelley ultimately lost control of his

vehicle and crashed and that both Kelley and his lone passenger—later identified as his nephew Quentrell Schexnayder—were arrested after a brief foot chase. Based on this evidence, the jury found Kelley guilty.

Kelley elected to have the trial court assess his punishment. After Kelley pleaded "true" to the indictment's repeat-offender paragraph, the State presented additional punishment evidence, including the testimony of Arlington police detective Anthony Stafford. Detective Stafford had investigated both the October 29, 2022 Circle K robbery and a similar robbery that had taken place at an Arlington 7-Eleven the previous night. Although Detective Stafford believed that the two robberies were connected because both involved two suspects wearing similar clothes and traveling in a similar vehicle, the State presented no evidence identifying Kelley as one of the suspects in the 7-Eleven robbery except for Detective Stafford's testimony elicited during the following exchange:

> [PROSECUTOR]: And did [Schexnayder] indicate who the other person in the car was with him on the night of 10/29?
>
> [WITNESS]: He did.
>
> [PROSECUTOR]: And who was that?
>
> [WITNESS]: He just described him as his uncle, Mr. Troy Anthony Kelley.
>
> [PROSECUTOR]: And to be specific, he said that's who was with him on the night of [the] 29th; is that right?
>
> [WITNESS]: Yes, sir.

[PROSECUTOR]: However, did you ask him if he was involved on the 28th?

[WITNESS]: I did.

[PROSECUTOR]: And did he indicate that Mr. Kelley was also --

[DEFENSE COUNSEL]: Your Honor, I'm going to object at this time under the Sixth Amendment of the Constitution of the United States. He is now testifying as to what somebody else has said, and we have the right to confrontation. So he is saying that a -- that a suspect started saying my client was involved. I have the right to cross-examine that witness to determine the credibility of what he was saying, and that's a Sixth Amendment constitutional right.

THE COURT: Are you offering it as a statement of a co-conspirator?

[PROSECUTOR]: Yes, Your Honor.

THE COURT: And so that objection is overruled.

[PROSECUTOR]: And did he indicate if Mr. Kelley was also involved in the robbery from 7-Eleven on 10/28?

[WITNESS]: Yes, he did.

During its closing argument, the State—pointing to nothing in the record other than the fact that Kelley had committed two robberies in two nights—asked the trial court to sentence Kelley to 40 years' incarceration. During his closing argument, Kelley argued that the State had failed to prove that he was involved in the uncharged 7-Eleven robbery and requested that the trial court sentence him to 15 years' incarceration.

Based on Kelley's plea, the trial court found the indictment's repeat-offender enhancement paragraph to be true and sentenced Kelley to 40 years' incarceration. This appeal followed.

## II. DISCUSSION

In a single issue, Kelley argues that the trial court erred by admitting Schexnayder's out-of-court statement tying Kelley to the 7-Eleven robbery in violation of Kelley's rights under the Sixth Amendment's Confrontation Clause. *See* U.S. Const. amend. VI. The State concedes the point, and we agree.

### A. Applicable Law

Generally, an out-of-court statement offered for the truth of the matter asserted constitutes inadmissible hearsay. Tex. R. Evid. 801(d), 802. But under the Texas Rules of Evidence, an out-of-court statement is not hearsay if it is offered against a party and was made by a co-conspirator "during and in furtherance of the conspiracy." Tex. R. Evid. 801(e)(2)(E). The out-of-court statement by a co-conspirator must be more than merely related to the conspiracy; it must further the conspiracy. *Guidry v. State*, 9 S.W.3d 133, 148 (Tex. Crim. App. 1999). A statement only furthers a conspiracy if it advances the cause of the conspiracy or serves to facilitate it. *Id.*; *see Byrd v. State*, 187 S.W.3d 436, 443 (Tex. Crim. App. 2005). In the face of a hearsay objection, the trial court has discretion to determine the admissibility of statements under the co-conspirator rule. *Legate v. State*, 52 S.W.3d 797, 803 (Tex. App.—San Antonio 2001, pet. ref'd). But no hearsay objection was lodged here.

5

Aside from hearsay objections, out-of-court statements may also be subject to Confrontation Clause objections. *Cf. United States v. Cain*, 615 F.2d 380, 381–82 (5th Cir. 1980) (explaining that a statement admissible under a hearsay exclusion may still violate the Confrontation Clause). The Confrontation Clause, contained in the Sixth Amendment, provides that in all criminal prosecutions, the accused shall have the right to be confronted by the witnesses against him. U.S. Const. amend. VI. The clause applies not only to in-court testimony, but also to out-of-court statements that are testimonial in nature. *Crawford v. Washington*, 541 U.S. 36, 51, 124 S. Ct. 1354, 1364 (2004). "Statements taken by police officers in the course of interrogations are testimonial." *Hale v. State*, 139 S.W.3d 418, 421 (Tex. App.—Fort Worth 2004, no pet.) (citing *Crawford*, 541 U.S. at 51, 124 S. Ct. at 1364).

Here, Kelley objected to the testimony on Confrontation Clause grounds. We review a trial court's determination of a Confrontation Clause objection de novo. *Wall v. State*, 184 S.W.3d 730, 742 (Tex. Crim. App. 2006).

When the trial court admits evidence in violation of the Confrontation Clause, Texas Rule of Appellate Procedure 44.2(a) requires us to reverse the judgment unless we determine beyond a reasonable doubt that the trial court's admission of the evidence did not contribute to the conviction or punishment. *See* Tex. R. App. P. 44.2(a); *Williams v. State*, 958 S.W.2d 186, 194 (Tex. Crim. App. 1997). In conducting this harmless-error test, we evaluate the entire record in a neutral, impartial, and even-handed manner, not in the light most favorable to the prosecution. *Harris v. State*,

6

790 S.W.2d 568, 586 (Tex. Crim. App. 1989), *disagreed with in part on other grounds by*

*Snowden v. State*, 353 S.W.3d 815, 821–22 (Tex. Crim. App. 2011).

**B.  Analysis**

Here, though Kelley objected to Schexnayder's out-of-court statement on

Confrontation Clause grounds, the trial court—seemingly treating Kelley's complaint

as a hearsay objection—admitted it under the co-conspirator exception to the hearsay

rule.  *See* Tex. R. Evid. 801(e)(2)(E).  But even if an out-of-court statement is

admissible under the evidentiary rules, the Confrontation Clause may still require the

statement's exclusion if it is testimonial in nature.  *See Avant v. State*, 499 S.W.3d 123,

126 (Tex. App.—San Antonio 2016, no pet.) (citing *Gonzalez v. State*, 195 S.W.3d 114,

116 (Tex. Crim. App. 2006)).  Because it was made to a police officer during the

course of an interrogation, Schexnayder's statement was clearly testimonial.  *See Hale*,

139 S.W.3d at 421.  Thus, even assuming that Schexnayder's statement fell within the

co-conspirator exception to the hearsay rule,[1] we must nevertheless conclude that the

---

[1]But Schexnayder's statement did not fall within the co-conspirator exception. Because the statement was made to law enforcement during an interrogation after the offense was committed, it did not further the conspiracy; thus, it did not fall within the co-conspirator exception to the hearsay rule. *See In re K.P.S.*, 840 S.W.2d 706, 710 (Tex. App.—Corpus Christi 1992, no writ) (holding that co-conspirators' confessions were not made in furtherance of a conspiracy for purposes of Rule 801(e)(2)(E) because "the co-conspirators were in custody when they made their confessions, the objects of the conspiracy had been completed, and the co-conspirators were not attempting to conceal the crime or their cohorts").

trial court erred by admitting it because doing so violated Kelley's rights under the Confrontation Clause.

Further, because the State's sole basis for seeking a 40-year prison sentence for Kelley was that he had committed two robberies in two nights and because the only evidence definitively linking him to the uncharged 7-Eleven robbery was Schexnayder's out-of-court statement, we cannot conclude beyond a reasonable doubt that the error did not contribute to the punishment. *See* Tex. R. App. P. 44.2(a). Therefore, the error was harmful, and Kelley is entitled to a new punishment trial.

We sustain Kelley's sole issue.

### III. CONCLUSION

Having sustained Kelley's sole issue, we reverse the portion of the trial court's judgment imposing sentence and remand this matter to the trial court for a new punishment trial consistent with this opinion. We affirm the trial court's judgment in all other respects.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 27, 2024

8